MELVILLE GRIGGS, Supervisor of the town of Westford, *vs.* ARTHUR J. GRIGGS and FERNANDO P. DRAPER, Commissioners &c. of the town of Westford.

An action to compel railroad commissioners of a town to account for and pay over moneys received by them on a sale of railroad stock of the town, and to recover the balance due to the town, in their hands, is properly brought by the supervisor of the town, in his own name, as such.

Where such commissioners (two in number) sold the said railroad stock of their town, for its par value, and each of them was paid $2,000, by the purchaser, to induce them to make the sale, it was *held* that an action on behalf of the town, to compel them to account for and pay over $4,000, the amount so received by the commissioners beyond the par value of the stock, and converted and appropriated to their own use, could be maintained by the supervisor against them jointly. That it was, in effect, an action in equity for fraud, and not merely an action for an omission or refusal to render an account to the board of auditors.

The complaint, in such an action, alleged, in the first count, that the plaintiff was " supervisor," &c. In the second count he, " as supervisor as aforesaid," charged that the moneys sued for were legally and equitably the property of the said town of W.; and demanded that said moneys should be paid for the benefit of such town. *Held* that this was sufficient; and the complaint was not liable to the objection that it was in behalf of the plaintiff as an individual.

*Held, also,* that it was no defence to such action that the defendants, having accounted to the board of town auditors, the only remedy was upon their bonds. That such remedy, if it existed, would be a several action against each commissioner, as upon contract, and did not exclude the right to a joint equitable action for a fraud.

A PPEAL, by the defendants, from a judgment in favor of the plaintiff, entered upon the decision of a judge.

This was an action to compel the defendants, as railroad commissioners of the town of Westford, to account for and pay over all moneys received by them on the sale of railroad stock of the town, and to recover the balance in their hands due to the town.

In August, 1869, the town of Westford was the owner of 300 shares of the capital stock of the Albany and Susquehanna Railroad Company, of the par value of $30,000. The defendants, as commissioners of the town, on the 2d day of August, sold and delivered the stock,

nominally at par, to Jacob Leonard as agent of Jay
Gould, for which they actually received the sum of
$34,000, as follows : $30,000 as the par value of the stock,
and $2,000 each as an inducement to the sale.   They
accounted to the board of town auditors for only $30,000
of the money, and each of them converted and appro-
priated to his own use the sum of $2,000 thus received on
account of the stock.   The action was tried before a judge
without a jury, whose findings of fact and law were as
follows :  That during the year of 1870 Melville Griggs,
the plaintiff, was supervisor of the town of Westford,
in Otsego county.   That his term of office expired in the
winter of 1871, and Charles H. Bissell was duly elected
in the winter of 1871 as his successor, as supervisor of
said town, and duly qualified, and has since been the
supervisor of said town : and no order has been made
substituting the said Bissell as plaintiff in this action.
That the town of Westford about the year 1858, under
and by virtue of chapter 64 of the Laws of 1856 and the
acts amendatory thereof and supplemental thereto, by
and with the requisite consent of a requisite number of
tax-payers of the said town, duly issued and negotiated
the bonds of said town to the amount and sum of $30,000,
with which it duly subscribed and paid for 300 shares
of the stock of the Albany and Susquehanna Railroad
Company and received the same.   The Albany and Sus-
quehanna Railroad Company was before then duly in-
corporated as such company, under and by virtue of the
laws of the state of New York.   The said town thus
became and was the owner of 300 shares of the capital
stock of said company, representing the sum of $30,000.
That the defendants, Arthur J. Griggs and Fernando P.
Draper, were duly appointed commissioners for said
town.   They duly qualified and entered upon the duties
of their office, and had the care and custody and control
of said stock of said town during the year 1869.   On
the 2d day of August, 1869, the said town then being the

Griggs *v.* Griggs.

owner of such shares and the defendants being such commissioners, as such sold and delivered the said 300 shares of stock of said town to Jacob Leonard, who purchased the same at par as agent for Jay Gould, who paid the commissioners therefor the sum of $30,000, and at the same time as an inducement to the said defendants as such commissioners to make a sale of such stock to him as aforesaid, the said Leonard paid each of the said defendants the sum of $2,000, which was over and above the $30,000 aforesaid, making in all $34,000 which the defendants thus received on account of said stocks. On or before the 1st day of September, 1869, each of said defendants converted and appropriated to his own use and for his own purposes the said $2,000 thus received by him, and from and after that time each had and received the interest and accumulations thereon. At the next following meeting of the board of town auditors of said town, at which the said defendants as such commissioners were required to account to such board for such moneys, they duly and properly accounted for the $30,000 which they had received as aforesaid, but they neglected and refused to account for or pay over the $4,000, or any part thereof, received as aforesaid, and each of the defendants neglected and refused to account for or pay over the said $2,000, or any part thereof, by him received as aforesaid. The interest on $2,000 from the 1st of September, 1869, to the 1st of October, 1871, the date of these findings, was $291.66; the amount of the $2,000 and interest was $2,291.66.

The judge's conclusions of law were: That the action was properly brought in the name of the supervisor. That the action may be conducted in the name of the plaintiff, notwithstanding his term of office has expired, no substitution of his successor having been made.

That the defendants are trustees of the stocks and the funds arising therefrom, for the benefit of the town. That being such trustees, the town was entitled to all the in-

Griggs *v.* Griggs.

crease and accumulations on said stocks and fund, and was entitled to all the defendants received on the sale of said stocks. The defendants had no right to make money for themselves out of a sale of the said stocks, but were in duty bound as such commissioners to do the best they could for the town. Each of the defendants having received $2,000 on account of the sale of said stocks over and above the $30,000 accounted for, and on or before the 1st of September, 1869, each having appropriated such $2,000 to his own purposes and converted it to his own use, and having refused to account for or pay over the same to the town, the plaintiff was entitled to recover in this action of each of the defendants the sum of $2,000, with interest thereon from the 1st day of September, 1869, which, on the 1st day of October, 1871, amounted in all to $2,291.66.

That the plaintiff was entitled to judgment and decree that each of the defendants pay, for the benefit of said town, the sum of $2,291.66, and to judgment for costs against the defendants, to be taxed by the clerk of Otsego county.

A decree was entered upon these findings, and the defendants appealed to this court upon the case and exceptions and rulings upon the trial.

At the close of the opening of the case by the counsel for the plaintiff, the counsel for the defendants moved that the plaintiff's complaint be dismissed on the following grounds:

1st. That the action cannot be maintained by the plaintiff in his name of office, but only in the name of the town. That the action is brought by Melville Griggs, describing himself as supervisor, &c.; whereas it should have been brought by and in the name of the town of Westford, the supervisor acting as agent of the town only in bringing such suit, the said supervisor not having been authorized by any statute in this particular case to bring a suit in his own name.

2d. That the statute does not require the commissioners to account jointly, but separately only; nor does it authorize an action against them jointly; neither is liable for the neglect of the other, nor either interested in the trial of the other. That the liability of the defendants, if any exists, is separate and several and not joint, and the action having been brought against both of these defendants jointly cannot be maintained.

3d. That the complaint is in behalf of the plaintiff as an individual; describing him as supervisor is not enough; he should complain as supervisor, and allege that he does so in behalf or for the use and benefit of the town.

4th. The commissioners having accounted as alleged in the complaint and stated in opening, the action is not authorized when an item is omitted, but the statute leaves the remedy on the bond.

Motion denied, to which defendants' counsel duly excepted, and each defendant duly excepted.

Defendants' counsel moved that the plaintiff be required to elect upon which count of the complaint he would proceed, which motion was denied, and defendants excepted.

Defendants' counsel also moved that the plaintiff be required to elect upon which count he would proceed, for the reason the first count does not show that the plaintiff complains as supervisor, which the court denied, and defendants duly excepted.

Defendants also further moved and requested the court to require the plaintiff to elect against which defendant he would try this action, which the court declined and refused, to which defendants duly excepted.

When the plaintiff rested, the defendants' counsel moved the court to dismiss the complaint, on the grounds before stated at the commencement of the case.

Also on the ground that it now appears that each of

the defendants did annually account to the board of town auditors.

Also on the further ground that it now appears that this plaintiff is not the supervisor of the town of Westford, and that the suit cannot be continued in his name, but is abated till revived in the name of the present supervisor.

The defendant Griggs separately moved to dismiss the complaint upon the several grounds heretofore stated, and the defendant Draper separately moved to dismiss the complaint upon the several grounds heretofore stated. Each defendant separately moved to dismiss the complaint on the ground that the action, if maintainable, should be brought against each defendant separately; that the claim, if any exists, is separate, and can only be tried in an action brought against such defendant alone—that neither defendant is liable jointly.

The court denied each and all of said motions separately, and the defendants duly excepted to each of said rulings and decisions, and each defendant separately excepted to each of said rulings and decisions.

*E. E. Ferry*, for the plaintiff.

*E. M. Harris*, for the defendant Griggs.

*J. E. Dewey*, for the defendant Draper.

*By the Court*, P. POTTER, J.  The defences to this action, and to the recovery, are strictly technical questions, arising upon the law of equity. Upon the merits, and upon facts as they appear in the case, uncontroverted, the defendants were guilty of a breach of trust as public officers, and of a fraudulent attempt to convert to their own use the sum of $4,000 which belonged to the town of Westford, and which sum they received on

account of their position as such public officers. And though the facts are as stated, and the liability to pay undoubted, the recovery must still be according to settled forms and rules of law. These questions we will consider in their order.

These defendants were appointed to their places, as officers, under the provisions of a special act of the legislature. (*Ch.* 747, *Sess. Laws of* 1867.) By this act they were required to account, annually, to the board of town auditors of the town of which they were officers, for all moneys which have come into their hands, &c.; * * and in case of any refusal or neglect thus to account, it was made the duty of the supervisor, on behalf of such town, to bring an action to compel such accounting, and to recover any sum which may be due from such commissioner, &c. This action has been brought by the supervisor, to recover for moneys not accounted for; and the first question is, was it brought in the proper form; that is, in such form as is required by law?

1. It is claimed that this action should be brought in the name of the town, instead of being brought in the name of the *supervisor*. There are, in the Revised Statutes not only general provisions on the subject, but there are, also, general exceptions to those provisions, as well as *special* exceptions. The case must be brought within some statute provision, to authorize the action. The general provision is as follows: "Whenever any controversy or cause of action shall exist * * between any town and an individual, * * such proceedings shall be had, either in law or in *equity*, for the purpose of trying and finally settling such controversy, and the same shall be conducted in like manner, and the judgment or decree therein shall have the like effect, as in other suits or proceedings of a similar kind between individuals and corporations. (1 *R. S.* 357, § 1, *5th ed.*, 836.) By section 2 of the same statute, it is

provided that "in all such suits or proceedings, the town shall sue or be sued by its name, *except where town officers shall be authorized to sue in their name of office, for the benefit of the town.*" A general *exception* is found in 2 *R. S.* 473, (*5th ed., vol. 3, p.* 774,) which provides that "actions may be brought by  *  * supervisors of towns  *  * upon any contract lawfully made by them or their predecessors, in their official character; *to enforce any liability or any duty enjoined by law to such officers or the body they represent;*  *  * and to recover damages for any injuries done to the property *or rights* of such officers, *or of the bodies represented by them.*" (*Id.*, § 105, [92].) By section 106 [93] of the same statute, "Such actions may be brought by such officers *in the name of their respective offices,*" &c. There is then a special act, passed in 1867, which provides for the creation of the office held by the defendants, and the manner of their appointment; a provision as to their duties to render an account; their liability for neglect; and the duty of the supervisor to bring an action in cases of neglect or refusal. No other question is raised, under this statute of 1867, than this: in whose name the action should be brought. The only direction which is given to the supervisor, in regard to the action, omits to specify the form of the action, further than may be implied by the language, and is in the following words: "The supervisor, in behalf of such town, shall bring an action to compel such accounting, and, *to recover any sum of money which may be due from such commissioners,*" &c.

Different constructions of this statute, by implication, are attempted to be drawn by the parties. By the defendant, that the words "in behalf of the town" imply that the supervisor is to conduct the suit or action, as the agent of the town, but that the name in which the action is to be prosecuted must be by virtue of the *general* provisions of the Revised Statutes first above

cited, in the name of the town. The plaintiff claims that the words imply that, as the supervisor must bring the action, the words, "*in behalf of the town*," mean only that he is the trustee of the town as to the money to be recovered, and that as the action is not for him, individually, or simply for the office he holds, but for his town, the statute secondly above recited, which authorizes an action to enforce a duty of a public officer enjoined by law to the town, being the body which the supervisor represents, the action is expressly authorized to be brought in the name of the supervisor as such. Upon this technical question our decision upon this point must depend.

It will be seen, by a reference to cases in the books, that this is not the first time that the courts have had the case directly or indirectly to perplex them. Both these statutes which prescribe the form of action must be regarded as enacted for the public good. They are in *pari materia*, and are in nowise in conflict; and if the action may be maintained under either, in its present form, it should not be dismissed because the other includes the right to sue under it, also.

Each of these statutes, instead of being, or intended to be, the exclusive method, expressly recognizes the existence of the other. The first cited statute (1 *R. S.* 256) *excepts* the cases in which "*a town officer* shall be authorized to sue in his name of office." By the statute secondly cited (2 *R. S.* 473,) a supervisor is authorized to sue in his name of office, to enforce any liability or duty enjoined by law, to his town. What else than this is the action in question? By the act of 1867 a contingency was provided for, in which these officers might become liable to the town, by reason of official delinquency; and the supervisor, in such a case, was directed to bring an action in behalf of the town, to enforce that liability. The plaintiff alleges that he is such supervisor; and as such supervisor, he sets forth

the defendants' fraudulent conduct, by which they retain $4,000, which he alleges is the property of the town of Westford; and he demands that the defendants account, and pay over, for the benefit of the town, such money. There is no demurrer to the form of the complaint. The defendants' answers admit his official character, deny the fraud, and set up an accounting to the board of town auditors, in release of their liability. The case, upon its merits, has been justly disposed of, and, as I think, fairly tried. We have left to us, therefore, upon this point, only the question of the proper form of the action. The result to the town would be the same, in whichever form the action must or may be brought. In the one form it would be in the name of the town as a party, in the other, in the name of the supervisor, as such, for the benefit and in behalf of the town. In reading the statute above cited (2 *R. S.* 473,) alone, independent of judicial construction, I am unable to see why this action is not brought directly within its provisions. It is an action in equity, strictly and only, to enforce a liability and a duty enjoined by law to the town of which the plaintiff is the supervisor, and which town is the corporate body represented by him. And such an action, this statute declares, may be brought in the name of his office. The statute has provided but these two methods. The supervisor is thus authorized to adopt either. If not, what is the meaning of this language in the last cited statute? Statutes are to be construed as being in harmony, not only, but so as to give them all effect. To what case can it be supposed this last cited statute applies, if not to this? It was intended to apply to some cases. It is general in its terms; not specific. There is no other statute that directs its application, or confines it to any other class of cases. It therefore belongs to the court to say whether the case before us comes within it. The revisers of the statutes of 1830 inform us that at the time of the intro-

duction into the statute of the provisions of this article the law was in a very confused state, (*Edm. Stat.*, vol. 5, *p.* 487,) and they refer to a variety of decisions, to show that confusion. The language of these sections, which were substantially new, was intended to remove the confusion and obscurities of the common law. The statute was remedial, and must have a liberal, and not a technical, construction. They are, in effect, what was really, before, the common law. (*Jansen* v. *Ostrander*, 1 *Cowen*, 684.) The revisers also inform us that the first above recited statute (1 *R. S.* 356–7) was wholly new. It was intended, among other things, to make towns bodies corporate, so that their powers should not rest, alone, on judicial legislation, and to vest in them certain powers of suing and being sued, limited by the provisions of section two. Had it been intended to confine the right to bring actions entirely to this provision of the first section of that statute, there would have been no necessity for the *exception* contained in section two ; nor any occasion for the subsequent provision in 2 Revised Statutes above cited, to carry out that exception. The act of 1867 makes no change in the Revised Statutes, in this regard ; they therefore apply to this case, leaving the form of action as it was before. The act of 1856, chapter 64, § 9, required the defendants to execute to the *supervisor* of the town a bond with sureties, jointly and severally, for the faithful performance of their duties, and for the just and *honest* application of the moneys, &c., coming into their hands. This created a contract between them and the supervisor, on which an action might have been founded. This is another of the cases brought within the provision of the statute secondly above cited. But it is not claimed that this action is upon contract.

It is claimed, however, by the defendants that this statute has had judicial construction the very converse of that we have above intimated ; and the case of the

*Town of Duanesburgh* v. *Jenkins*, (40 *Barb.* 574,) is cited, to sustain this view. This is a mistaken view of that case. It only holds, in the language of the first above recited statute, that a town may sue and be sued in its corporate name. Besides, that was an action *against* a town. The statute creates the distinction between actions *by* and actions *against* a town. The latter must be brought *against* towns by their names. (2 *R. S.* 473, § 108 [95.]) Certain actions *by* or in behalf of towns may be brought by and in the name of the supervisor. (*Id.*) Actions *against* towns shall be brought against such towns by their names. (*Id.*, § 108.)

Upon the view I have taken of the provisions of these statutes cases are found that have been directly adjudicated. (*See Supervisor of Galway* v. *Stimson*, 4 *Hill*, 136; *Gould* v. *Glass*, 19 *Barb.* 184; *Looney* v. *Hughes*, 30 *id.* 611–12, *to the same effect.*)

2. The second objection is that the action cannot be maintained against the defendants *jointly;* that the defendants' liabilities are several, and that the statute does not require them to account jointly.

I think the statute of 1867 does contemplate by its language that the accounting to the *board of auditors* is a several accounting. One may have received more of the money than the other, or indeed all of it; and it, of course, was intended that each should account only for what came to his hands; and an action for a neglect or refusal so to account might be brought severally against the defaulting officer. It was not an omission severally to account to the board of auditors that is the gist of this action. Though that is an incidental fact, the action is for fraud. It is an action in equity to recover against the defendants, not merely for an omission or refusal to render an account to the board of auditors; they did make an accounting; but the action is for moneys obtained by the joint fraudulent act and conspiracy of the defendants, in taking to themselves a

bonus, or bribe, for the performance of an official duty in a particular manner, and for fraudulently misapplying and converting to their own use the sum of $4,000 which, in equity and good conscience, belonged to the town. That they made an equal division of the spoil, between themselves, by agreement, beforehand or afterwards, does not alter the case, or change the right of action for a joint wrong done to the town. The rule in equity, as I understand it, is this; that an action may be brought against several persons relative to matters of the same nature, forming a connected series of acts all intended to defraud and injure the plaintiff, and in which all the defendants were more or less concerned, though not jointly in each act. It was so held in *Brinkerhoff* v. *Brown*, (6 *John. Ch.* 139, 158.) This rule was approved in the court of errors, in *Fellows* v. *Fellows*, (4 *Cowen*, 682,) and again adopted, in the Court of Appeals, in the case of *New York and New Haven R. R. Co.* v. *Schuyler, per Comstock, J.*, (17 *N. Y.* 606, 607;) and by Davis, J., in 34 *N. Y.* 45.

The evidence fully sustains a charge of fraud and conspiracy of the defendants, by a series of acts of the same nature performed by some jointly, by some severally, but all tending to concert and conspiracy to secure one and the same result from and by reason of their official position as public officers, to wit, a sum of money intended to be appropriated, and which was afterwards appropriated, and converted to their individual use. This money was not obtained in the honest performance of a legitimate official duty ; and it was not obtained through an omission or refusal to account. It was not obtained upon a contract with the town. For the performance of all legal duties, they received, or are presumed to have received, their legal commissions. All benefits resulting from the performance of their duties belonged to their town, whose officers or agents they were. This was an action based upon fraud and

a breach of trust; it is appropriately an action in equity; it comes under the head of equity jurisdiction. The proof in the case sustains it as an equity action. The decree is in the form of an equity decree. As respects the form of the complaint, it is not now made an objection that it is wanting in technicality as an equity complaint. If this objection could now be made, the court, after judgment, would amend it to conform it to the case proved.

3. The third objection—that the complaint is in behalf of the plaintiff as an individual, &c.—is without merit, and is not sustained by fact. The first count alleges that the plaintiff is supervisor, &c. The second count alleges that "*as supervisor as aforesaid*" he charges that the moneys sued for are legally and equitably the property of the said town of Westford; and it demands that said moneys should be paid, for the benefit of the said town. This is sufficient.

4. The fourth objection—that the defendants having accounted to the board of auditors, the only remedy is upon their bonds—has no force. A remedy upon the bonds, if it exists, and which would be a several action against each, as upon contract, does not exclude the right to a joint equitable action for a fraud.

Nor do the exceptions to the ruling of the court denying the motions that the plaintiff should elect upon which count, and against which defendant, he will proceed, require any discussion.

I think justice has been done, upon the trial. Equity has been administered; and when these unite, it is a pleasure to the court not to allow them to be put asunder.

I am for affirming the judgment, with costs.

Judgment affirmed, with costs. (*a*)

[THIRD DEPARTMENT, GENERAL TERM, at Albany, January 7, 1873. *Miller*, *Potter* and *Parker*, Justices.]

(*a*) Affirmed by Court of Appeals. See 56 *N. Y.* 504, where case is very briefly reported.